IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

K.R. ENTERPRISES, INC.,

    Plaintiff,

v.                                  CIVIL ACTION No. 1:18-01347

OHIO SECURITY INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This case arises out of Ohio Security's denial of insurance coverage to K. R. Enterprises. Ohio Security filed a declaratory judgment action in this court seeking a declaration that it has no duty to defend or indemnify defendant and others in a series of lawsuits arising out of the unlawful actions of one of defendant's former employees. That action was assigned Civil Action No. 1:15cv16264.

Thereafter, K. R. Enterprises filed the instant case, also arising out of Ohio Security's denial of coverage. Ohio Security has moved to consolidate the two actions. (Doc. No. 21). K.R. Enterprises does not object to the consolidation motion.

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Consolidation decisions lie within the discretion of the court. See North Carolina Natural Gas Corp. v. Seaboard Surety Corp., 284 F.2d 164, 167 (4th Cir. 1960); see also A/S J. Ludwig Mowinckles Rederi v. Tidewater Construction Corp., 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F. R. Civ. P. 42(a) to consolidate causes pending in the same district."). Furthermore, "[a] motion to consolidate is not required; the court may invoke Rule 42(a) *sua sponte*." Miller v. United States Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984).

It appears to the court that consolidation of these cases is warranted because not only would consolidation promote judicial economy, but it would also reduce the financial and other burdens imposed on the parties and their witnesses. In so concluding, the court finds: 1) both cases involve common questions of fact; 2) both cases involve common questions of law; and 3) the parties will not be prejudiced by consolidation of the two actions.

Based on the foregoing, the motion to consolidate is **GRANTED**[*] and the court **ORDERS** these two cases **CONSOLIDATED**. Civil Action No. 1:15cv16264 is hereby designated as the lead case. Having consolidated the cases, the operative scheduling

---

[*] The motion to dismiss K. R. Enterprises complaint is **DENIED**. Nor will the court stay Counts II, III, and IV of that complaint. Ohio Security references a stay pending a ruling on a motion for judgment on the pleadings. However, no motion under Federal Rule of Civil Procedure 12(c) is pending before the court.

order for both cases is the one entered on November 26, 2018, in Civil Action No. 1:18-cv-01347.  Accordingly, the Motion to Modify the Court's January 12, 2018 Amended Scheduling Order (ECF No. 153 in Civil Action No. 1:15-cv-16264) is **DENIED** as moot.

The Clerk is directed to send copies of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 1st day of February, 2019.

                          ENTER:

                          David A. Faber
                          Senior United States District Judge